**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1184**

ARTEMIO GARCIA RAMIREZ,

          Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 17, 2020                Decided: August 26, 2020

Before GREGORY, Chief Judge, FLOYD, and QUATTLEBAUM, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Artemio Israel Garcia Ramirez, Petitioner Pro Se. Craig Alan Newell, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Artemio Israel Garcia Ramirez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's finding that his Virginia convictions for providing false information to the police, in violation of Va. Code Ann. § 18.2-461 (2007), were crimes involving moral turpitude that rendered him ineligible for cancellation of removal.

We review legal issues de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). "[W]here . . . the [Board] construes statutes over which it has no particular expertise, [however,] its interpretations are not entitled to deference." *Karimi v. Holder*, 715 F.3d 561, 566 (4th Cir. 2013). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B). We defer to the agency's factual findings under the substantial evidence rule. *Anim v. Mukasey*, 535 F.3d 243, 252 (4th Cir. 2008).

Upon review, we conclude that Garcia Ramirez's Virginia conviction for providing false information to the police constituted a crime involving moral turpitude that rendered him ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1229b(b)(1)(C); *In re Jurado-Delgado*, 24 I. & N. Dec. 29, 34-35 (B.I.A. 2006) (concluding that the Pennsylvania offense of unsworn falsification to authorities, which involved "mak[ing] misleading statements with an intention to disrupt the performance of a public servant's official duties[,]" was a crime involving moral turpitude). We therefore

2

deny the petition for review for the reasons stated by the Board. *In re Garcia Ramirez*, (B.I.A. Jan. 16, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*